UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER, | CASE NO. 2:25-cv-01603-LK |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| L'OREAL USA, INC. et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Shannon Spencer's Motion to Remand. Dkt. No. 13. For the reasons provided below, the Court grants the motion.

## I.   BACKGROUND

Spencer brought this suit in King County Superior Court as a putative class action, seeking damages under Washington's Equal Pay and Opportunities Act ("EPOA"), Wash. Rev. Code § 49.58.110. Dkt. No. 1-1 at 7–10. The EPOA requires employers "to disclose salary, wage, and benefits information in all job postings." *Branson v. Wash. Fine Wine & Spirits, LLC*, 574 P.3d 1031, 1035 (Wash. 2025) (en banc); *see also* Wash. Rev. Code § 49.58.110(1). Job applicants may bring a civil action against an employer for actual damages or statutory damages for violations of

ORDER GRANTING MOTION TO REMAND - 1

the EPOA's disclosure requirements. *Branson*, 574 P.3d at 1035; Wash. Rev. Code § 49.58.110(5). "'[J]ob applicant' means a person who applies to a job posting, regardless of their subjective intent in doing so." *Branson*, 574 P.3d at 1036.

The Defendants in this case are L'Oreal USA, Inc.; Saloncentric, Inc.; Designer Fragrances & Cosmetics Company; L'Oreal Travel Retail Americas, Inc.; and L'Oreal USA S/D, Inc. (collectively, "L'Oreal" or "Defendants"). Dkt. No. 1-1 at 1. In November 2023, Spencer applied for an unidentified position "with Defendants" in Washington. Dkt. No. 1-1 at 6; *see also id.* at 13–22 (Sales and Training Coordinator position listings). According to Spencer:

- "The posting for the job opening [he] applied to did not disclose the wage scale or salary range and a general description of all of the benefits and other compensation to be offered to the hired applicant." *Id.* at 6.

- He "lost valuable time applying to a position for which the posting did not disclose" the required information. *Id.* at 7.

- He "remains unable to evaluate the pay and benefits for the position and compare it to other available positions in the marketplace[.]" *Id.* at 6.

- His "ability to negotiate pay remains adversely affected." *Id.* at 7.

- He "has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices [and] their violation of RCW 49.58.110[.]" *Id.*

Spencer further asserts that Defendants "engaged in a common course of conduct of failing to disclose" wage, salary, and benefits information in its Washington job postings, and he seeks to certify a class of others who applied for jobs with Defendants in Washington from January 1, 2023, through the date of class certification and were not provided with such information. *Id.* at 7–8.

Defendants filed a notice of removal to this Court. Dkt. No. 1. They contended that the case was removable under traditional diversity jurisdiction, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *Id.* at 4–9. Spencer then filed his motion to remand. Dkt. No. 13.

## II.   DISCUSSION

Spencer argues that where, as here, a plaintiff "sues under RCW 49.58.110 but does not plead that he or she is a 'bona fide' applicant, engaged in pay negotiations, or was offered an interview, the plaintiff lacks Article III standing and remand is required." Dkt. No. 13 at 2. He argues in the alternative that the case should be remanded because L'Oreal cannot establish the amount in controversy required under 28 U.S.C. § 1332(a). *Id.*

L'Oreal responds that Spencer (1) has standing, (2) improperly relies on pre-*Branson* case law, and (3) "should not be allowed to 'artfully plead' to avoid Article III standing" while also "claim[ing] he is sufficiently harmed to recover in state court, let alone serve as a class representative." Dkt. No. 16 at 2.[1] L'Oreal also argues that either Spencer has suffered a concrete injury—and he has standing to proceed in federal or state court—or he has not suffered an injury and his claims are therefore futile regardless of the forum. *Id.* at 2–3. L'Oreal thus contends that the motion should be denied, or alternatively, the case should be dismissed under the futility doctrine. *Id.* at 4.

L'Oreal further asserts that in arguing that the amount in controversy was not met, Spencer relied only on standards relevant to traditional diversity jurisdiction, but it removed the case based on CAFA jurisdiction, which allows for the aggregation of damages. *Id.* at 5. In reply, Spencer abandons his contention that the amount in controversy is unmet. *See generally* Dkt. No. 18.[2]

---

[1] L'Oreal violated this Court's Standing Order for all Civil Cases by including citations in footnotes. *See, e.g.*, Dkt. No. 16 at 2; *see also* Dkt. No. 11-1 at 4 (Standing Order). The Court accordingly does not consider the content of L'Oreal's brief that is supported only by citations in footnotes. Even if the Court considered this content, however, the outcome would be the same. Further violations of the Court's Standing Order may result in sanctions.

[2] L'Oreal filed a declaration from its Senior Manager HR Business Partner at L'Oreal USA, Inc., stating that "[f]or the purportedly non-compliant job postings for Washington jobs posted by any Defendant between January 1, 2023 and July 22, 2025, there were approximately 2,347 applicants who provided a Washington State address." Dkt. No. 3 at 2–3. As L'Oreal notes, Dkt. No. 16 at 5, Plaintiffs seek statutory damages of $5,000 per applicant. Dkt. No. 1-1 at 10. The Court assumes without deciding that the amount sought by the putative class totals over $10 million and exceeds CAFA's amount in controversy threshold. *See, e.g.*, *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193,

ORDER GRANTING MOTION TO REMAND - 3

## A.    Legal Standards

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). As the party invoking federal jurisdiction, L'Oreal bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified).

## B.    Spencer Lacks Article III Standing

"To determine whether the violation of a statute constitutes a concrete harm, [courts] engage in a two-part inquiry." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021). Court "first consider whether the statutory provisions at issue were established to protect concrete interests (as opposed to purely procedural rights)," then assess "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such

---

1197 (9th Cir. 2015) (explaining that parties may file declarations and other evidence to show that the "aggregate amount in controversy" exceeds CAFA's $5 million threshold).

ORDER GRANTING MOTION TO REMAND - 4

interests." *Id.* (citation modified). Here, none of Spencer's allegations constitute an Article III injury because "the specific procedural violations alleged" do not "actually harm, or present a material risk of harm to," any concrete interest. *Id.* Spencer's allegations regarding the harm caused by L'Oreal's disclosure violations either merely parrot the language of the statute without support, or are purely speculative. There is no indication that he possessed the skills or experience necessary for the position, nor is there any indication that he had any intention of actually taking the job or negotiating the salary. *See generally* Dkt. No. 1-1. And Spencer's allegations that he "experienced economic and non-economic harm" and that his "ability to negotiate pay remains adversely affected," *id.* at 7, assume without support that he would have been selected for an interview and ultimately hired for this or equivalent jobs. More is required to show injury in fact: as the Supreme Court has "repeatedly reiterated," threatened injury "must be *certainly impending* to constitute injury in fact, and . . . allegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409 (citation modified).

L'Oreal argues that the motion to remand improperly relies on pre-*Branson* case law, Dkt. No. 16 at 6–7, even though in *Branson*, the Washington Supreme Court held that plaintiffs "are not required to prove that they are a 'bona fide' or 'good faith applicant' to obtain remedies under [the EPOA]." 574 P.3d at 1033. *Branson* does not help Spencer establish Article III standing because it has no impact on what it takes to establish such standing, as this Court has held repeatedly post-*Branson*. *See, e.g., Kent v. Tech Mahindra (Americas) Inc.*, No. C24-1168BJR, 2025 WL 2810715, at *4, (W.D. Wash. Oct. 3, 2025) (affirming, post-*Branson*, that an EPOA plaintiff must show an injury-in-fact to establish federal standing regardless of the requirements to state a claim under state law); *Spencer v. Walmart Inc.*, No. 23-cv-1793-BJR, 2025 WL 2910569, at *4–5 (W.D. Wash. Oct. 14, 2025) (granting a motion to remand an EPOA matter for lack of Article III standing post-*Branson* where the defendant could not establish that plaintiff had

suffered an injury-in-fact); *Eggleston v. Bruckner Truck Sales Inc.*, No. C25-1467JLR, 2025 WL 3153503, at *3 (W.D. Wash. Nov. 12, 2025) (same).

L'Oreal emphasizes *Branson*'s observation that "if a plaintiff meets the definition of job applicant, the plaintiff likely is within the protected zone of interest" for purposes of standing. Dkt. No. 16 at 9 (quoting *Branson*, 574 P.3d at 1039 n.7). But this argument draws a false equivalency between state and federal standing. "[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001). L'Oreal further points out that *Branson* "emphasized the legislature recognized the importance of individuals being provided with pay-related information before they apply for a job in order to combat pay inequity, [and] avoid wasted time[.]" Dkt. No. 16 at 9 (quoting *Branson*, 574 P.3d at 1037) (citation modified). However, as set forth above, Spencer's allegations regarding the harm caused by L'Oreal's disclosure violations either merely parrot the language of the statute without support, or are purely speculative. "As this Court has stated before, a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof." *Spencer v. Walmart Inc.*, 2025 WL 2910569, at *4.

L'Oreal also contends that an "informational" injury can establish Article III standing. Dkt. No. 16 at 11–12. But even for "informational injuries," a plaintiff must allege "downstream consequences" and "adverse effects" flowing from the failure to receive required information. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021).[3] In other words, a "procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court"; the

---

[3] As for L'Oreal's cautions regarding "jurisdictional ping pong," Dkt. No. 16 at 13 n.9, L'Oreal is reminded that under *TransUnion*, the burden in a class action is to establish "adverse effects on a classwide basis." *Munoz v. PHH Corp.*, No. 22-15407, 2023 WL 2202228, at *1 (9th Cir. Feb. 24, 2023). It appears unlikely at best that all class members would have suffered concrete harm from the alleged statutory violation under these circumstances.

ORDER GRANTING MOTION TO REMAND - 6

plaintiff must also allege "at least that the information had some relevance to *her*," and Spencer has not done so here in a non-conclusory, non-speculative manner. *Magadia*, 999 F.3d at 679–80 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)); *see also id.* at 679 ("[N]ot every minor inaccuracy reported in violation of a statute will cause real harm or present any material risk of real harm." (citation modified)). Consequently, L'Oreal has not shown that Spencer has Article III standing.

**C.    Remand to State Court May Not Be Futile**

L'Oreal argues that if Spencer lacks a concrete injury for purposes of Article III standing, his claim must be dismissed as futile. Dkt. No. 16 at 13. It contends that both Article III and Washington law require an injury-in-fact, so "[i]f his Complaint fails to allege a concrete injury for Article III standing, he also fails to meet Washington's statutory standing rule." *Id.*

However, "the literal words of § 1447(c)" give "no discretion to dismiss rather than remand an action" over which a district court lacks original jurisdiction. *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (quoting *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989)).[4] As the Ninth Circuit has observed, "whether the futility exception remains good law is an open question given *International Primate*[.]" *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022). It also runs counter to the long-established principle that

---

[4] *See also Esteves v. SunTrust Banks, Inc.*, 615 F. App'x 632, 636–37 (11th Cir. 2015) ("The Supreme Court has noted that the literal words of § 1447(c) give district courts no discretion to dismiss rather than remand an action when subject-matter jurisdiction is lacking. . . . Whether the matter is justiciable under state law is a matter for the state court to decide.") (citation modified); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) ("If . . . the case did not originate in federal court but was removed there by the defendants, the federal court *must* remand the case to the state court from whence it came." (emphasis in original)); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557–58 (10th Cir. 2000) ("The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction."); *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997) ("In light of the express language of § 1447(c) and the Supreme Court's reasoning in *International Primate,* we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.").

ORDER GRANTING MOTION TO REMAND - 7

"[w]ithout jurisdiction the court cannot proceed at all in any cause" for a court without jurisdiction to effectively decide the merits of a case. *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868). Regardless, the futility exception is "narrow" and applies only where there is "absolute certainty" that a state court would dismiss the action following remand. *Sauk-Suiattle Indian Tribe*, 56 F.4th at 1189–90. L'Oreal has not made that showing here. Whether Spencer has standing under state law is a matter for the state court to decide; dismissal for lack of standing under state law is not "foreordained" based on his allegations. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016); *see also Hill v. Hydromax USA LLC*, No. 2:25-CV-1621-JNW, 2025 WL 3677481, at *4 (W.D. Wash. Dec. 18, 2025) (declining to dismiss an EPOA case under the futility doctrine because "Washington courts are not bound by Article III, and under *Branson*, Hill need not prove bona fide applicant status to seek remedies under the EPOA" (citation omitted)).

## III.   CONCLUSION

For the foregoing reasons, Spencer's motion to remand is GRANTED. Dkt. No. 13. Because L'Oreal has failed to establish subject matter jurisdiction, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County, Washington;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 4th day of February, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO REMAND - 8